WASHINGTON COUNTY MUTUAL FIRE INSURANCE COMPANY *v.* WILLIAMS.

4-6313                                         150 S. W. 2d 44

Opinion delivered April 21, 1941.

284

*Virgil Ramsey* and *Karl Greenhaw,* for appellant.

*G. T. Sullins* and *Rex W. Perkins,* for appellee.

HUMPHREYS, J. This suit was brought by appellees against appellant in the circuit court of Washington county to recover $175, a 12 per cent. penalty and reasonable attorney's fee on account of the destruction of a hen house by fire which was protected against loss by fire under an insurance policy issued by appellant to appellees on November 4, 1936, covering a period of five years, the pertinent parts of said policy being as follows:

"In consideration of the stipulations herein named and $10 and of the warranties contained in the application for insurance and subject to the tenor, terms, conditions and provisions of its charter and by-laws and any amendments thereto hereafter made, does insure Willie and Ethel Williams and their legal representatives, etc. . . . for the term of five years from the 4th day of November, 1936, at noon to the 4th day of November, 1941, at noon, against all direct loss or damage by fire or lightning and by removal from premises endangered by fire, except as herein provided, to amounts not exceeding the sums hereinafter stated, to the following described property while located and contained as described herein. . . . Dwelling house No. 1, $900; . . . Smokehouse, $75; . . . Barn, $525; . . . Hen house, $175.

"Special permits and stipulations

"(a) Permission is granted to keep gasoline and kerosene and to house and operate the appliances herein enumerated which use the same, upon the following warranties: (1) stoves and lamps shall be used only in dwelling and summer kitchen;

"(b)  Brooders in buildings hereby insured may be used only upon special permit indorsed on this policy.

"Increase of hazard

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for a loss or damage occurring, (b) while the hazard is increased by any means within the control or knowledge of the insured."

Appellant filed an answer admitting the issuance of the policy, but denying liability thereunder because the hen house was converted into a brooder house without special permission, which increased the hazard while the chicken house was being used as a brooder house.

The cause was submitted to the court, sitting as a jury, and at the conclusion of appellant's testimony, it having admitted the execution of the policy and destruction of the hen house by fire and having assumed the burden of showing a forfeiture of appellees' right to recover by the conversion of the hen house into a brooder house, made certain findings of facts and declarations of law, and in accordance therewith rendered judgment in favor of appellees for $175, 12 per cent. penalty and a reasonable attorneys' fee, to which appellant excepted and prayed an appeal to this court, before the clerk thereof, on December 24, 1940, within apt time.

By reference to the stipulation of facts found by the court, it will be seen that the court correctly found that the insurance policy prohibited the use of brooders and other stoves in any building other than the dwelling and summer kitchen without a special permit in writing and that no special permit to do so was granted to appellees, but erred in finding that the house was not being used as a brooder house at the time Pace and his co-conspirator set the building on fire. Our interpretation of the evidence is that the house was being used as a brooder house at the time Pace and his co-conspirator set the house on fire. The evidence, undisputed, shows that Pace bought the chicks and feed to raise them in the brooder house on credit in the early fall of 1939, and gave a mortgage on them for about $700 or $800 to secure

the payment of the purchase money for the chicks and feed; that Pace was the tenant of appellees and, after raising the chicks in the brooder house to broiler size for the early market, he moved the stoves and broilers out of the house on the night of the 28th day of January, 1940, and on the same night set the house on fire for the purpose of making it appear that the chickens had burned in the house, thereby preventing the mortgagee from enforcing his mortgage lien on the chickens. Appellees wrongfully permitted their tenant to convert the hen house into a brooder house and increase the hazard without getting written permission from appellant to do so.

The raising of the chickens in the brooder house, their theft and the burning of the house was all one transaction on the part of Pace and the loss on account of the increased hazard should not be borne by appellant who had not consented that appellees allow Pace to convert the hen house into a brooder or broiler house.

As stated above the chickens that had been raised in the brooder house were removed therefrom and immediately Pace set the house on fire. The removal of the stoves and chickens from the brooder house were practically simultaneous with the burning thereof, so it was in use as a brooder house and not a hen house when set on fire. The house did not and was not being used again as a hen house when set on fire.

There can be no question under the facts in this case that the building was wrongfully converted by appellees' tenant from a hen house into a brooder house contrary to the provisions of the policy without first getting written permission to do so; that Pace's motive for burning was to conceal the theft of the chickens. Hence, the cause of the fire was the wrongful conversion of the hen house into a brooder house.

Had the house been restored to its original use as a hen house and then burned by Pace without appellees' consent or knowledge the effect thereof would have been to suspend the insurance during the misuse of the house and the policy would then be revived, and the insurance

be restored, but otherwise where Pace burned the house during the time it was being used as a brooder house. As stated above the removal of the chickens and stoves from the house was so closely related with the burning of the house that it must be regarded in the law as one transaction.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.